**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-31152**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SALVADORE ORO-BARAHONA,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
New Orleans Division
(96-CR-184-J)
_____
July 31, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[1]

Salvadore Oswaldo Oro-Barahona was convicted after a jury trial of being a previously arrested and deported alien found in the United States without consent of the Attorney General. See 8 U.S.C. § 1326(a). On appeal, he challenges the sufficiency of the evidence to establish that he was previously deported and

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he is an alien.  Finding sufficient evidence on both elements, we affirm.

Immigration and Naturalization Service (INS) agents George Lund and Michael Meskill testified that they arrested Oro-Barahona on June 19, 1996, after receiving an anonymous tip that he was living in the United States illegally.  Agent Lund testified that he had previously arrested Oro-Barahona in 1990 for being a citizen of Honduras in the United States illegally.

A warrant of deportation for Oro-Barahona was signed on behalf of the INS District Director in New Orleans on June 6, 1995.  INS officer Robert Smith executed the warrant on October 26, 1995 by observing Oro-Barahona board a flight to Honduras. Glenn Burmaster, a New Orleans Police Department fingerprint examiner, testified that Oro-Barahona's thumbprint appears on the warrant, on  a fingerprint card showing that Oro-Barahona was arrested on July 24, 1990, and on a fingerprint card showing his arrest on June 19, 1996.  Oro-Barahona's signature appears on the June 19, 1996 fingerprint card, and that card lists his place of birth as Honduras.  The government also introduced evidence that Oro-Barahona had not received permission from the attorney general to return to the United States.

Oro-Barahona argues that the evidence is insufficient to establish that he had been previously deported. Oro-Barahona moved for judgment of acquittal based on this argument, thus we review the evidence to see if any rational trier of fact could have found the element of the crime beyond a reasonable doubt. United States v. Resio-Trejo, 45 F.3d 907, 910 n.6 (5th Cir. 1995). Oro-Barahona argues that the evidence of deportation is insufficient because the warrant for deportation is signed by an unidentified individual. We disagree. INS Agent Stephen Lindgren testified that the warrant was signed on behalf of the district director by an authorized INS agent. INS officer Smith testified that he executed the warrant by observing Oro-Barahona board a plane for Honduras. This is ample evidence for a rational jury to decide that Oro-Barahona had previously been deported.

Oro-Barahona also argues that the government did not present sufficient evidence to establish that he is an alien. He argues that the only evidence supporting his alien status was the warrant of deportation and unsupported statements by the officers. Oro-Barahona cites a line of cases in the Ninth Circuit holding that a warrant of deportation is insufficient evidence, standing alone, to support a conviction under §

3

1326(a). See United States v. Meza-Soria, 935 F.2d 166, 169 (9th Cir. 1991); United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir. 1994).

Oro-Barahona did not raise a sufficiency challenge to the alien element below, and admits that the applicable standard of review is plain error. Plain error requires that 1) there is error, 2) which is clear or obvious, 3) which affected substantial rights, and 4) which will seriously affect the fairness, integrity or public reputation of judicial proceedings if allowed to stand. United States v. Calverley, 37 F.3d 160, 162 (5th Cir.1994) (en banc), cert. denied, ___ U.S. ___, 115 S.Ct. 1266 (1995). We find no plain error here. In this case, unlike the Ninth Circuit cases, more than just the deportation order tended to prove Oro-Barahona's status as an alien. Two fingerprint cards indicate that his place of birth or citizenship is Honduras, and one card includes Oro-Barahona's signature. INS officers testified that he was an alien previously arrested for unlawfully being in the United States. An INS officer also testified that he executed the warrant of deportation and witnessed Oro-Barahona depart for Honduras. The warrant of deportation recites when and where Oro-Barahona entered the United States. Oro-Barahona's prior deportation, combined with

the other evidence indicating that he was not a U.S. citizen, could lead a rational jury could conclude that Oro-Barahona was an alien.

**AFFIRMED.**